WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felipe Barrera Pacheco, | CIV 16-02072-PHX-DLR (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT COURT:

Petitioner Felipe Barrera Pacheco, who is confined in the Arizona State Prison Complex, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 8), and Petitioner filed a Reply (Doc. 9).

**BACKGROUND**[1]

The following facts were found by the Arizona Court of Appeals:

> Petitioner Felipe Pacheco was convicted pursuant to a plea agreement of one count of child molestation and two counts of attempted child molestation. The trial court sentenced him to the stipulated prison term of seventeen years on count one, followed by concurrent, lifetime terms of probation on the remaining counts. After Pacheco filed a notice of post-conviction relief, pursuant to Rule 32, Ariz.R.Crim.P., appointed counsel filed a notice pursuant to Rule 32.4(c) avowing she had found no colorable claim to raise and requesting that Pacheco be given time to file a pro se petition. Pacheco filed

---

[1] The following facts are derived from the exhibits submitted with Respondents' Answer (Doc. 8), as well as, attachments submitted with Petitioner's habeas petition (Doc. 1).

> a petition, raising claims of ineffective assistance of trial counsel. The court denied relief without an evidentiary hearing ... .
>
> \* \* \*
>
> In his pro se petition, Pacheco claimed trial counsel had been ineffective because she had failed to adequately explain the plea agreement to him in part because she did not speak his native language of Spanish and used "hand gestures" in an attempt to communicate; she "gave him faulty legal advice regarding elements of possible defense"; and she did not inform him about "options" he could have pursued on appeal. In its minute entry denying Pacheco's pro se petition, the court identified and addressed the claims he had raised, resolving them in a manner that has permitted review by this court. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993).
>
> The record before us supports the trial court's ruling. We note, in particular, that a certified Spanish interpreter was present during the change-of-plea hearing, which began as a settlement conference, and at sentencing. And among the questions the court asked Pacheco at the change-of-plea proceeding was whether the initials he had written in front of each paragraph of the plea agreement reflected that the terms had been "read and explained to [him] in the Spanish language" and that his attorney had reviewed the provisions with him and had answered his questions. Pacheco responded, "Yes." Pacheco has failed to sustain his burden of establishing the court abused its discretion in dismissing his petition. Consequently, we adopt the court's ruling, finding no purpose would be served by restating the ruling in its entirety here. *See Whipple*, 177 Ariz. at 274, 866 P.2d at 1360. Additionally, because some of his allegations regarding counsel's purported ineffectiveness are being raised for the first time on review, we will not address them. *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980)

(Exh. A at 1.)

After the Arizona Court of Appeals denied relief, Petitioner filed a petition for review in the Arizona Supreme Court. (Exh. B.) The petition for review was denied on October 8, 2013. (Id.)

On October 9, 2013, Petitioner filed another PCR Notice. The trial court dismissed the PCR proceeding on October 23, 2013, (erroneously) finding that Petitioner's first PCR proceeding was still pending with the Arizona Supreme Court. (Exhs. C, D.) Thereafter, Petitioner filed a "Request to be Permitted to File a Post-Conviction Relief Petition," which the trial court treated as a timely PCR notice, and counsel was then appointed to represent Petitioner. (Doc. 1 at 19.) Petitioner, however, waived counsel and represented himself in his second PCR petition. (Doc. 1 at 27-28.) Petitioner filed his pro se PCR petition on April 28,

2014, and it was summarily denied on February 5, 2015. (Exhs. E, F, G.) The pleadings indicate that Petitioner's petition for review was denied by the Arizona Court of Appeals. (Doc. 8 at 5.)

In his habeas petition, Petitioner asserts four grounds for relief:

Ground One: Petitioner alleges that he received ineffective assistance of counsel when his trial counsel failed to move to suppress Petitioner's statement made in a confrontation call;

Ground Two: Petitioner alleges that he received ineffective assistance of counsel when his trial counsel failed to challenge Petitioner's arrest based on a confrontation call;

Ground Three: Petitioner alleges that he received ineffective assistance of counsel when his trial counsel failed to move to have DNA tests conducted on objects at Petitioner's home;

Ground Four: Petitioner alleges that his "14th amendment" rights were violated by the Court of Appeals' refusal to exercise their discretionary review.

(Doc. 1 at 6-9.)

## DISCUSSION

In their Answer, Respondents contend that Grounds One through Three are barred by Petitioner's guilty plea. Respondents also assert that Ground Four is not cognizable on habeas review. As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

**A.  Grounds One through Three**

The Supreme Court has made clear that when a defendant was convicted pursuant to a guilty plea and later seeks collateral relief based on asserted constitutional errors that occurred before that plea was entered, he is barred, with few exceptions, from obtaining such relief.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see also Mitchell v. Superior Court, 632 F.2d 767, 769 (9th Cir. 1980) ("As a general rule, one who has voluntarily and intelligently pled guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations.").

In Tollett v. Henderson, 411 U.S. 258 (1973), the Supreme Court established, and explained the basis for, the bar on federal habeas claims based on pre-plea constitutional violations:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent nature of the plea by showing that the advice he received from counsel was [inadequate].

Id. at 267.

Since Tollett, the Supreme Court has recognized that the bar on attacking pre-plea constitutional errors does not apply when the pre-plea error is jurisdictional. See United States v. Johnston, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999). Pre-plea error is "jurisdictional," when it implicates the government's power to prosecute the defendant. See id.; Broce, 488 U.S. at 574-76. For example, Tollett does not foreclose a claim that: a defendant was vindictively prosecuted, Blackledge v. Perry, 417 U.S. 21, 30-31 (1974); the indictment under which a defendant pled guilty placed him in double jeopardy, Menna v. New York, 432 U.S. 61, 62 (1975); or the statute under which the defendant was indicted is unconstitutional or unconstitutionally vague on its face, United States v. Garcia-Valenzuela, 232 F.3d 1003, 1006 (9th Cir. 2000).

With respect to ineffective assistance of counsel claims based on pre-plea events, whether or not such claims will be barred depends, as Tollett indicates, see 411 U.S. at 266-67, on the relationship of the conduct challenged to the validity of the plea. When the nature of the ineffective assistance claim calls into question the voluntary and intelligent character

of the plea, the claim likely is not barred under Tollett. However, when the nature of the ineffective assistance claim does not raise any such question, the Tollett bar will apply.

In Ground One, Petitioner argues that he received ineffective assistance of counsel when his trial counsel failed to move to suppress Petitioner's statement. In Ground Two, Petitioner contends that he received ineffective assistance of counsel when his trial counsel failed to challenge Petitioner's arrest. And, in Ground Three, Petitioner alleges that he received ineffective assistance of counsel when his trial counsel failed to move to have DNA tests conducted on "objects at Petitioner's home." In his reply, Petitioner claims that:

> due to ineffective assistance of counsel failure to defend his position at a trial, failure to secure evidence's and key witnesses and documents for his case, and even when petitioner steady complaint to the court about his attorney behavior in not effectively defending his trial position and argue his innocents in this case, that petitioner was forced to ... enter in to a settlement conference and that the settlement conference resulted in a plea agreement because petitioner did not have the support of his trial attorney to prepare him for a trial ... [and] trial court judge told petitioner's attorney that a trial will forth whether the attorney was ready or not in this case.

The Court finds that none of the grounds for relief set forth in Petitioner's habeas petition present jurisdictional claims. Additionally, none of these grounds attack the knowing, voluntary, or intelligent nature of his plea, but instead relate to alleged pre-plea constitutional deprivations. Thus, Petitioner's claims do not fall within the limited scope of pre-plea jurisdictional defect cases in which Tollett has been held inapplicable. See, e.g., United States v. Ramos, 275 Fed. Appx. 581, 582 (9th Cir. 2008) (holding the "entry of his guilty plea waived all other pre-plea ineffective assistance claims" including those regarding a motion to suppress) (unpublished); Moran v. Godinez, 40 F.3d 1567, 1577 (9th Cir. 1994); (refusing to consider the claim that defense counsel was ineffective for failing to challenge the defendant's confession, because it was an "assertion of an alleged pre-plea constitutional violation") (amended on other grounds by Moran v. Godinez, 57 F.3d 690 (9th Cir. 1994)); United States v. Bonn, 956 F.2d 208, 209 (9th Cir. 1992) (holding the petitioner's guilty plea waived his claim that counsel was ineffective at an in camera hearing); United States v. Chavez, 2002 WL 31971945 at *3-4 (D. Or. Jul. 3, 2002) (claim that counsel was ineffective

based on an alleged failure to file pretrial motions, investigate, request discovery, and cross-examine arresting officers was foreclosed by guilty plea). Therefore, Petitioner cannot seek federal habeas review on Grounds One through Three as these claims are barred by Petitioner's guilty plea.

**B.     Ground Four**

In Ground Four, Petitioner argues that his "14th amendment" rights were violated by the Court of Appeals' refusal to exercise discretionary review. Petitioner claims that he "complied with the courts order twice by submitting two supplemental motions ... [and] on both supplement the court of appeal continue to deny petitioner review even after he had complianced several times."

The Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law grounds." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) ("[M]ere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). And, a petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) (quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)); see Engle v. Isaac, 456 U.S. 107, 119-21 (1982) ("While they attempt to cast their first claim in constitutional terms, we believe that this claim does no more than suggest that the instructions at respondents' trials may have violated state law.").

Petitioner does not present a cognizable federal claim in Ground Four. Although Petitioner attempts to "transform a state law issue into a federal one," Petitioner appears to simply challenge the appellate court's discretion to deny review.

1    Accordingly, the Court will recommend that Ground Four be denied as said claim is non-cognizable for purposes of federal habeas review.

## CONCLUSION

Having determined that Grounds One through Three are barred by Petitioner's guilty plea, and Ground Four is not cognizable on habeas review, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order

or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 11th day of April, 2017.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge