# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felipe Barrera Pacheco,<br><br>Petitioner,<br><br>v.<br><br>Charles Ryan; and the Attorney General of the State of Arizona,<br><br>Respondents. | No. CV-16-02072-PHX-DLR (MHB)<br><br>**ORDER** |

Petitioner Felipe Pacheco pled guilty in state court to one count of child molestation and two counts of attempted child molestation. He presently is confined in the Arizona State Prison Complex-Florence serving his seventeen-year sentence. Before the Court are his petition for writ of habeas corpus (Doc. 1) and the Report and Recommendation (R&R) of Magistrate Judge Michelle H. Burns recommending that the petition be denied (Doc. 10). Petitioner has filed an objection to the R&R. (Doc. 11.)

The Court has reviewed the R&R de novo and considered the objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the R&R to which specific objections are made). The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Rule 72(b), and overrules Petitioner's objections.

Petitioner asserts four grounds for relief in his petition: (1) he received ineffective assistance of counsel when his trial counsel failed to move to suppress Petitioner's

statement made in a confrontation call, (2) he received ineffective assistance of counsel when his trial counsel failed to challenge Petitioner's arrest based on the confrontation call, (3) he received ineffective assistance of counsel when his trial counsel failed to investigate medical evidence and move to have DNA tests conducted on objects at Petitioner's home and clothing of the victim, and (4) his Fourteenth Amendment rights were violated by the Court of Appeals' refusal to exercise their discretionary review. (Doc. 1 at 6-9.) The Magistrate Judge correctly found that the claims of ineffective assistance of counsel asserted in the first three grounds for relief are barred by Petitioner's guilty plea. (Doc. 10 at 3-6.) None of the claims attacks the knowing, voluntary, or intelligent nature of his plea. The Court also agrees with the Magistrate Judge's conclusion that ground four fails to state a cognizable federal claim because it challenges state court decisions made under state law. (*Id.* at 6.)

Petitioner does not challenge these rulings in his objection. Rather, he alleges that his trial attorney was ineffective because she failed to adequately explain the plea deal to him and did not use a Spanish interpreter. (Doc. 11.) But Petitioner failed to raise this issue in his petition. He therefore is "procedurally barred from raising the issue and cannot now do so as disguised objections to the R&R." *Santo-Silvas v. Ryan*, No. CV-12-00171-TUC-JGZ (LAB), 2013 WL 5780818, at *1 (Oct. 25, 2013); *see Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).[1]

//
//
//
//
//

---

[1] Petitioner raised the issue in the state court proceedings, but the Arizona Court of Appeals denied relief in part because a certified Spanish interpreter was present during the change of plea hearing and Petitioner affirmatively stated that the signed plea agreement (Doc. 8-1 at 45-48) had been read and explained to him in Spanish. *State v. Pachecho*, No. 2 CA-CR 2012-0509-PR, 2013 WL 1581617 (Ct. App. Apr. 15, 2013); Doc. 8-1 at 3-4.

**IT IS ORDERED** that the Magistrate Judge's R&R (Doc.10) is **ACCEPTED** and a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED**. The Clerk shall enter judgment denying and dismissing Petitioner's petition for writ of habeas corpus (Doc. 1) with prejudice, and shall terminate this action.

Dated this 24th day of May, 2017.

Douglas L. Rayes
United States District Judge